IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IVY A.,[1] *Plaintiff*, vs. COMMISSIONER OF SOCIAL SECURITY, *Defendant*. | Case No. 1:23-cv-802 Judge Jeffery P. Hopkins |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Presently before the Court is the Report and Recommendation (Doc. 12) (the "R&R") issued by Magistrate Judge Elizabeth A. Preston Deavers on December 5, 2024. Magistrate Judge Deavers recommends that this Court affirm the Commissioner's non-disability determination as to Plaintiff's minor child, Z.H. Doc. 12, PageID 766. Plaintiff has filed objections to the R&R (Doc. 14), to which the Commissioner has responded (Doc. 15).

### I.  STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1). The Court "may also receive further evidence or recommit the matter to the magistrate judge with

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

instructions." *Id*. Here, like in any Social Security appeal, the Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 Fed. App'x. 315, 320 (6th Cir. 2015) (internal quotation marks omitted). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Secretary of Health & Human Services*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). On review, if a court finds that an ALJ's decision is supported by substantial evidence, that decision must be affirmed even if "substantial evidence exists in the record to support a different conclusion." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

## II. LAW & ANALYSIS

In her objections, Plaintiff asserts that the Magistrate Judge erred in finding (1) that substantial evidence supports the ALJ's finding that Z.H. has a less than marked limitation in the domain of attending and completing tasks, (2) that substantial evidence supports the ALJ's finding that Z.H. has a less than marked limitation in concentrating, persisting, or maintaining pace when assessing the "B" criteria for Listing 112.05, and (3) that substantial evidence supports the ALJ's finding that Z.H. has a less than marked limitation in concentrating, persisting, or maintaining pace when assessing the "B" criteria for Listing 112.11. Doc. 14, PageID 770–73. The Commissioner urges the Court to overrule these objections. Doc. 15.

An individual under the age of eighteen will be considered to be under a disability if the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

2

42 U.S.C. § 1382c(a)(3)(C)(i). To decide whether a child is entitled to disability benefits, an ALJ engages in a three-step inquiry: (1) is the child engaged in any substantial gainful activity, (2) does the child have a severe, medically determinable impairment, and (3) does the child's impairment(s) meet, medically equal, or functionally equal any listing in the Listing of Impairments. *See* 20 C.F.R. § 416.924(b)–(d). Based on the nature of Plaintiff's objections, the focus here is on whether the ALJ erred in relation to the third step of that inquiry.

> **A. The ALJ properly concluded that Z.H. does not have an impairment or combination of impairments that meets, or medically or functionally equals, the severity of a listed impairment.**

A child will be found "disabled" at the third step if her impairment meets or medically equals one of the listings in the Listing of Impairments. 20 C.F.R. § 416.920(d). Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. § 416.925(c)(3). A claimant must satisfy all of the criteria to "meet" the listing. *Id*. Or, alternatively, if a claimant does not "meet" a listing, a claimant must establish that the impairment is at least equal in severity and duration to the criteria of any listed impairment in the Listing of Impairments. 20 C.F.R. §§ 416.925, 416.926(a).

Here, in evaluating the listings, the ALJ considered the "B" criteria. Plaintiff's second and third objections are essentially the same because she alleges that the ALJ erred in the same manner when evaluating the "B" criteria for Listings 112.05 and 112.11. A claimant will satisfy the "B" criteria for Listings 112.05 and 112.11 if the ALJ finds that the claimant has an extreme limitation of one, or marked limitation of two, of these areas of mental functioning: (1) understand, remember, or apply information, (2) interact with others, (3) concentrate, persist or maintain pace, and (4) adapt or manage oneself. 20 C.F.R. Part 404, Subpart P, App. 1, § 112.05B, § 112.11. The ALJ determined that Z.H. has a marked

restriction in understanding, remembering or applying information, and moderate restrictions in interacting with others, concentrating, persisting or maintaining pace, and adapting or managing oneself. Doc. 6-2, PageID 38. As a result of these findings in relation to the "B" criteria, the ALJ determined that Z.H. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listings. *Id.*

Because the ALJ determined that Z.H.'s impairment does not meet or medically equal any listing in the Listing of Impairments, the ALJ next considered whether Z.H.'s impairment functionally equals any listing. To establish that an impairment functionally equals any listing, an ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). An impairment must result in an extreme limitation in one, or a marked limitation in two, of these domains to functionally equal a listed impairment. A "marked" limitation means that the impairment "interferes seriously with [the] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). A marked limitation is "'more than moderate' but 'less than extreme.'" *Id*. An "extreme" limitation means that the impairment "interferes very seriously with [the] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

Here, the ALJ found that Z.H. has a marked limitation in acquiring and using information, but less than marked limitations in attending and completing tasks, interacting and relating with others, in the ability to care for herself, and no limitations in moving about and manipulating objects, and health and physical well-being. Doc. 6-2, PageID 39. Plaintiff argues that the record supports a finding of a marked limitation in attending and completing

tasks. This objection is related to Plaintiff's other objections because the ALJ relied on the same evidence to find a less than marked limitation in attending and completing tasks and only moderate difficulty in concentrating, persisting, or maintaining pace. Doc. 6-2, PageID 38. The Court will proceed to address Plaintiff's objections with this background in mind.

The area of concentrating, persisting, and maintaining pace refers to the ability to focus attention on activities and stay on task age-appropriately. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. This area is substantially similar to the functional domain of attending and completing tasks, which relates to how well a child is able to focus and maintain attention, and how well a child can begin, carry through and finish activities, including the pace at which they perform activities and the ease with which they can change them. 20 C.F.R. § 416.926a(h).

Plaintiff argues that the ALJ's decision in relation to these areas is not supported by substantial evidence because the ALJ failed to sufficiently articulate her reasoning for rejecting an opinion statement from Nurse Stallworth and teacher questionnaires, while relying on other relevant evidence of record to find that Z.H. had moderate and less than marked limitations in concentrating, persisting and maintaining pace and attending and completing tasks. The record shows otherwise. In her decision, the ALJ reasoned that Ms. Stallworth's findings of extreme limitations were "not consistent with her own clinical findings" citing specifically to Ms. Stallworth's clinical findings in November 2022. Doc. 6-2, PageID 42 (citing Ex. 11F/3-5). Plaintiff suggests that this is the only mention of Ms. Stallworth's observations, but elsewhere in the decision, the ALJ discussed some of Ms. Stallworth's other treatment notes. For example, the ALJ noted that in June 2021, Ms. Stallworth examined Z.H. and found her "to be alert and fully oriented, normal psychomotor activities, normal speech, poor judgment and insight, appropriate mood and affect, average

5

intelligence, intact memory, and appropriate language." *Id.* at PageID 40 (citing Ex. 3F/4-5). The ALJ also highlighted that Ms. Stallworth found that Z.H.'s "condition and symptoms were improving" and that Z.H.'s mother reported to her that Z.H had earned A's after returning to in-person learning. *Id.*

Plaintiff complains of the fact that the ALJ did not mention some of Ms. Stallworth's other treatment notes that revealed fair attention and concentration and poor insight and judgment, but the ALJ was not required to do so. *See Boseley v. Comm'r of Soc. Sec.*, 397 F. App'x 195, 199 (6th Cir. 2010) (noting that an ALJ need not discuss each piece of data, so long as she considers the evidence as a whole and reaches a reasoned conclusion). Plaintiff also takes issue with the ALJ discrediting Ms. Stallworth's observations based on the fact that Ms. Stallworth relied on information from Z.H.'s mother. Although the ALJ took issue with Ms. Stallworth's reliance on Z.H.'s mother's "unsupported allegations," Doc. 6-2, PageID 42, the record reflects that Ms. Stallworth did in fact often rely on educational reports that were relayed to her by Z.H.'s mother so it was not unreasonable (or inaccurate) for the ALJ to consider this in her analysis. Doc. 6-7, PageID 453, 506, 540, 571, 575, 579.

As for the teacher questionnaires, Plaintiff argues that "the ALJ seems to reject these assessments solely because [Z.H.] was not in counseling or a more restrictive learning environment." Doc. 14, PageID 772. But that does not appear to have been the case given the ALJ's extensive discussion of Z.H.'s school records, her IEP, her teachers' observations, and treatment history. Doc. 6-2, PageID 40–43. In fact, the ALJ expressly noted some of the observations that Plaintiff cites such as Plaintiff's behavior in the classroom. The ALJ stated that classroom observations showed her being "very active in her seat during reading testing," kneeling on her chair, and wandering around the room. *Id.* at PageID 43. Further, the ALJ

6

specifically explained that while certain findings in the teacher assessments were consistent with objective testing, other observations were "not definitive and [did] not comport to the restrictions as required under the functional listing analysis." *Id.* at PageID 43.

Beyond the evidence discussed up to this point, the ALJ also relied on other relevant evidence of record to find Z.H. has moderate and less than marked limitations in concentrating, persisting, and maintaining pace and attending and completing tasks. For example, the ALJ expressly referred to Z.H.'s history of treatment for ADHD and classroom observations. But the ALJ considered this evidence against more recent examinations that "showed only a slight impairment in attention span." *Id.* The ALJ placed reasonable emphasis on the fact that Z.H. was not participating in counseling while on medication and that, for a marked impairment, she "would expect more extensive treatment, including counseling, or at least a more restrictive learning environment," rather than the regular classroom where most of Z.H.'s instruction was performed. *Id.* Further, the ALJ found the evidence of record as it related to functional equivalency for attending and completing tasks to be consistent with the state agency assessment, which she found to be persuasive. *Id.* at PageID 43.

Thus, when considering the ALJ's analysis in its entirety, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings that Z.H. has a moderate restriction in concentrating, persisting, and maintaining pace for purposes of the "B" criteria for Listings 112.05 and 112.11, and a less than marked limitation in the functional domain of attending and completing tasks.

7

**III. CONCLUSION**

Thus, Plaintiff's objections (Doc. 14) are **OVERRULED**, the Magistrate Judge's R&R (Doc. 12) is **ADOPTED** in its entirety, and the Commissioner's non-disability decision is **AFFIRMED**. The Clerk is directed to **TERMINATE** this matter on the Court's docket.

**IT IS SO ORDERED.**

Dated: March 31, 2025

Hon. Jeffery P. Hopkins
United States District Judge